IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ricardo Posadas, Plaintiff

v.

Danna Pools Inc. and Daniel Kamide, individually, Defendants

## COMPLAINT

Ricardo Posadas ("Plaintiff"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), complains against Danna Pools Inc. and Daniel Kamide, individually (collectively, "Defendants"), and states:

### Introduction

1. Overtime wages are required by the FLSA and IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiff earned overtime wages.

3. Plaintiff is a former employee of the Defendants' and was not paid his earned overtime wages.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. Defendants own and operate Danna Pools Inc. located at 361 South County Line Road, Franklin Park, Illinois within the three years preceding the filing of this complaint.

8. Mr. Kamide resides in and is domiciled in this judicial district.

9. Mr. Kamide is the owner of Danna Pools Inc. and is involved in the day-to-day business operations of Remodelers Mart Inc. and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. Danna Pools Inc. is an enterprise under 29 U.S.C. § 203(r)(1).

11. Danna Pools Inc. is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Danna Pools Inc. had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

14. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

15. Plaintiff was employed by Defendants in Cook County, which is in this judicial district.

16. Plaintiff worked for Defendants from about March to November in 2015 and 2016.

17. In 2017, Plaintiff worked for Defendants from about March to July.

18. As Defendants' employee, Plaintiff's duties included servicing, maintaining, and constructing swimming pools.

19. Plaintiff was paid $18 per hour for all hours, including overtime hours.

20. Plaintiff worked approximately 55 hours per week.

**COUNT I: FLSA Overtime Wage Violation**

21. Plaintiff incorporates all paragraphs above as if fully restated below.

22. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

23. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

24. Throughout the course of Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

25. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

26. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

27. Plaintiff is not exempt from the overtime provisions of the FLSA.

28. Defendants' failure to pay overtime violated the FLSA.

29. Defendants' FLSA violation was willful.

30. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

31. Plaintiff incorporates all paragraphs above as if fully restated below.

32. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

33. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

34. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

35. Plaintiff worked more than forty (40) hours in individual work weeks.

36. Defendants did not pay earned overtime wages to the Plaintiff.

37. Plaintiff was not exempt from overtime wages.

38. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's overtime wage provisions.

39. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Thursday, September 21, 2017.

_____
**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-445-9662
bpacheco@consumerlaw.com